IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOEL R. STEVENSON,           )
                             )
       Plaintiff,            )
                             )
   v.                        )  C.A. No. 21-1611 (JLH)
                             )
OFFICER BECKLES, et al.,     )
                             )
       Defendants.           )

## MEMORANDUM OPINION

Joel R. Stevenson, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Luciana Marie Parker, Esq. and Lorin Huerta, Esq., Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendant Beckles.

Dawn C. Doherty, Esq., and Brett Thomas Norton, Esq., Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Wilmington, Delaware.  Counsel for Defendant Rogers.

May 13, 2024
Wilmington, Delaware

HALL, U.S. District Judge:

I.   **INTRODUCTION**

On November 15, 2021, Plaintiff Joel R. Stevenson, an inmate confined at the James T. Vaughn Correctional Center in Smyrna, Delaware, initiated this *pro se* action under 42 U.S.C. § 1983. Before the Court is a motion for summary judgment filed by Defendant Officer Beckles (D.I. 47), joined by Defendant Wendy Rogers (D.I. 53).[1] The matter was recently reassigned to me, and I now resolve the motion as set forth below.

II.  **BACKGROUND**

In his Complaint, Plaintiff alleges that, on an undisclosed date, Defendant Beckles assaulted him in various ways while removing him from his cell for a forced shower and haircut, and that Defendant Rogers sprayed him with cold water from a hose, including lingering on his private parts, and that he was then put back in his cell wet, cold, and soapy, and left to drip dry. Plaintiff filed his Complaint on November 15, 2021.

Defendants now move for summary judgment. (D.I. 47, 53.) Included with the motion is a sworn declaration from Delaware Department of Correction employee Ruth E. Dixon, attesting that the incident described in Plaintiff's Complaint occurred on February 19, 2019, that she was assigned the same day to investigate the incident, that she began her investigation on February 22, 2019, that she interviewed Plaintiff on February 22, 2019, and that she completed her investigation on March 1, 2019. (D.I. 48-1.) Also included with the summary judgment motion is a February

---

[1] Also before the Court are Defendant Rogers' motion to dismiss (D.I. 28), Plaintiff's request for appointed counsel (D.I. 41), Plaintiff's motion for an extension of time to respond to the motion to dismiss (D.I. 45), Plaintiff's motion for discovery (D.I. 57), and Defendant Roger's motion to stay discovery (D.I. 58), joined by Defendant Beckles (D.I. 59). These motions will be denied as moot.

1

22, 2019 incident report authored by Defendant Beckles, which describes the February 19, 2019 incident that gave rise to Plaintiff's Complaint. (D.I. 48-2.)

Defendants move for summary judgment on the ground that Plaintiff's Complaint is untimely under the applicable statute of limitations. Plaintiff has not filed a response to the motion for summary judgment, and the time to do so has long passed.

### III.  LEGAL STANDARDS

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). "[A] dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* (internal quotation marks omitted).

The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the burden of persuasion at trial would be on the non-moving party, then the moving party may satisfy its burden of production by pointing to an absence of evidence supporting the non-moving party's case, after which the burden of production shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Williams v. West Chester*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials;

2

or (B) showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). The non-moving party's evidence "must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Williams*, 891 F.2d at 460–61.

The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). "[T]he facts asserted by the nonmoving party, if supported by affidavits or other evidentiary material, must be regarded as true . . . ." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). If "there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment." *Id.* at 1081 (internal quotation marks omitted).

## IV.   DISCUSSION

Claims brought under § 1983 are subject to the statute of limitations for personal injury actions in the state in which the suit is brought. *See O'Connor v. City of Newark*, 440 F.3d 125, 126–27 (3d Cir. 2006). In Delaware, the statute of limitations for personal injury claims is two years from the date the cause of action accrued. *See* 10 Del. C. § 8119; *Smith v. Delaware*, 236 F. Supp. 3d 882, 888 (D. Del. 2017) (citations omitted). Accrual of a cause of action under § 1983 begins when a plaintiff "knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

There is no genuine issue of material fact that Plaintiff's causes of action accrued on February 19, 2019, when the incident occurred. The statute of limitations terminated two years

later, thus rendering Plaintiff's November 15, 2021 Complaint untimely by nearly nine months. Accordingly, Defendants are entitled to summary judgment.

## V.  CONCLUSION

For the above reasons, the Court will grant Defendants' motion for summary judgment.

An appropriate Order will be entered.